UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY GEORGE BROWN,

              Petitioner,            Case Number: 2:15-CV-10409
                                        HON. GEORGE CARAM STEEH

v.

LORI GIDLEY,

              Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS, GRANTING RESPONDENT'S MOTION TO DISMISS, AND DISMISSING PETITION WITHOUT PREJUDICE

**I.    Introduction**

Michigan state prisoner Henry George Brown filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting he is being held in violation of his constitutional rights.  Petitioner was convicted in the Wayne County Circuit Court of assault with intent to commit murder, MICH. COMP. LAWS § 750.83; felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b.  The matter is currently before the Court on Respondent's motion to dismiss and Petitioner's motion for a stay of the proceedings so that he can raise unexhausted claims in the state courts.  The Court denies Petitioner's motion for a stay, grants Respondent's motion, and dismisses the petition without prejudice.  The Court also denies a certificate of appealability.

II.     **Procedural History**

Petitioner was convicted by a jury in Wayne County Circuit Court.  On July 17, 2010, he was sentenced to 356 months to 75 years' imprisonment for the assault with intent to commit murder conviction, 3 to 7-1/2 years for the felon-in-possession conviction, and two years for the felony-firearm conviction.

Petitioner filed an appeal of right with the Michigan Court of Appeals.  The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Brown*, No. 310156, 2013 WL 4487506 (Mich. Ct. App. Aug. 22, 2013) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court.  The Michigan Supreme Court denied leave to appeal.  *People v. Brown,* 495 Mich. 916 (Mich. Dec. 23, 2013).

Petitioner filed his federal habeas petition on January 26, 2015.  He raises these claims: (i) Confrontation Clause violated by the admission of hearsay; (ii) sentences constitute cruel and unusual punishment; (iii) victim's statements were inadmissible hearsay, not excited utterances; (iv) victim's statements were inadmissible hearsay, not a dying declaration; (v) insufficient evidence of guilt; (vi) ineffective assistance of trial counsel; (vii) prosecutor engaged in vindictive prosecution; and (viii) prosecutor withheld impeachment evidence.

III.    **Discussion**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established

appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, Petitioner's seventh and eighth claims for habeas relief have not been properly exhausted in state court. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the habeas standard of 28 U.S.C. § 2254. Furthermore, the state court proceedings may result in the reversal of Petitioner's convictions, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)). Non-prejudicial dismissal of the petition is warranted under such circumstances.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay. Although he may be concerned that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a problem, it does not. The one-year period does not begin until 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, __U.S. __, 132 S. Ct. 641, 653 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). The Michigan Supreme Court denied leave to appeal on December 23, 2013, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later – on March 23, 2014. Petitioner filed his federal habeas petition on January 26, 2015. Thus, approximately three months of the one-year period remained when he filed the petition. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time may be equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations

-4-

period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts.  *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).  Petitioner has ample time to fully exhaust his state court remedies and return to federal court should he wish to do so.

Thus, even assuming that Petitioner has not engaged in "intentionally dilatory tactics" and has shown "good cause" for failing to fully exhaust issues in the state courts before seeking federal habeas relief, he has not shown the need for a stay.  Lastly, his unexhausted claims concern matters of federal law which do not appear to be "plainly meritless."  The state courts should be given a fair opportunity to rule upon those claims.  Given the foregoing circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

### Conclusion

Accordingly, the Court **DENIES** Petitioner's Motion to Stay Proceedings and Hold Petition In Abeyance (ECF No. 9), **GRANTS** Respondent's Motion for Order Dismissing Application for Writ of Habeas Corpus (ECF No. 7), and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  If Petitioner wishes to proceed on the claims contained in the petition and abandon his unexhausted claims, he may move to reopen these proceedings within thirty days from the date of the Order.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal court denies a

habeas claim on procedural grounds without addressing the merits, a certificate of

appealability should issue if it is shown that jurists of reason would find it debatable

whether the petitioner states a valid claim of the denial of a constitutional right, and that

jurists of reason would find it debatable whether the district court was correct in its

procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Reasonable

jurists would not debate the correctness of the Court's procedural ruling.  Accordingly,

the Court **DENIES** a certificate of appealability.

   **SO ORDERED**.

Dated:  October 7, 2015

       s/George Caram Steeh    
       GEORGE CARAM STEEH
       UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 7, 2015, by electronic and/or ordinary mail and also
on Henry Brown #281484, Oaks Correctional Facility,
1500 Caberfae Highway, Manistee, MI 49660.

s/Barbara Radke
Deputy Clerk

---

-6-